Amrane Cohen, Chapter 13 Trustee
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
e-mail: efile@ch13ac.com

United States Bankruptcy Court
Central District of California – Santa Ana Division

| | |
|---|---|
| Philip H Inman<br><br>Debtor(s) | Case No.: 8:24-bk-10285-MH<br><br>Objection to Confirmation of Chapter 13 Plan<br><br>Date:        March 28, 2024<br>Time:       10:30 AM<br>Courtroom: 6C<br><br>411 West Fourth St., Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby submits his Objection to Confirmation of Chapter 13 Plan. The confirmation hearing is currently set on the date, time, and location indicated above.

**NOTICE IS GIVEN** that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested in this objection or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.

**NOTICE IS GIVEN** that any reply to this objection must be in writing, filed with the Court, and served upon the Trustee not later than seven (7) calendar days prior to the confirmation hearing. Unless the Court finds good cause, a reply document not timely filed and served may not be considered.

If the Trustee's Objection is sustained, Trustee requests dismissal of the case for failure to confirm a plan under 11 U.S.C. §1307(c) or conversion to chapter 7, whichever is in the best interest of creditors and the estate.

Philip H Inman   ("Debtor") filed a chapter 13 petition on or about 2/5/2024.

<u>Jurisdiction:</u>

The bankruptcy court has jurisdiction pursuant to 28 U.S.C.§§ 1334 and 157(b)(2)(L).

\\

Standing of Trustee to object:

The Trustee has standing and shall "appear and be heard" on issues affecting plan confirmation.  See §1302(b)(2)(B).   In Andrews v. Loheit (In re Andrews), 49 F.3d 1404, 1408 (9th Cir. 1995), the Circuit Court held that the Chapter 13 Trustee has standing to object to confirmation of a plan that does not meet the requirements for confirmation under § 1325(a)(1) notwithstanding the absence of any objecting creditors.

The Trustee objects to confirmation on the following grounds:

1. Debtor fails to provide for filed priority claim:

Claim number 1 on the claims register has been filed for a priority amount of $57,647.89 by the IRS and is not provided for in the plan.  The claim is allowed as filed until objected to and renders the plan not feasible.  Debtor needs to object to the claim or amend the plan to address the filed claim.

2. Debtor fails to provide for filed secured claim:

Claim number 3 on the claims register has been filed for $24,959.07 by Creditor National Loan Acquisition Company and is not provided for in the plan.  The claim is allowed as filed until objected to and renders the plan not feasible.  Debtor needs to object to the claim or amend the plan to address the filed claim.

3. Debtor does not deal with Lis Pendens filed SJO Investments LLC:

Debtor has listed this lien in schedule E/F but does not provide for it in the plan or state in miscellaneous provisions how he intends to deal with this claim/lien.  Stating that the claim is disputed does not – upon case discharge – provide the Debtor a fresh start.

4. Missing Plan Payment:

The filed plan states "Monthly Plan Payments will begin 30 days for the date the bankruptcy petition was filed." The date the petition was filed is stated above and all plan payments that have come due since the filing of the petition have not been received by Trustee.

Inability to make timely plan payment is evidence that the plan cannot be confirmed because it fails to comply with the requirements of §1325(a)(6) which states: "the debtor will be able to make all plan payments and to comply with the plan." Local Bankruptcy Rule 3015-1(k)(4) puts debtors on notice that failure to make plan payments may results in the dismissal or conversion to chapter 7 of a chapter 13 case.

5. <u>Failure to file tax returns and provide them to the trustee as required by §1308 and §521(e)</u>

Section 1307(e) provides:

"Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate."

Section 1308(a) states:

"Not later than the day before the date on which the meeting of creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with the appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition."

Debtors have not established that they complied with the requirements of §1308(a) and trustee is requesting dismissal of the case under §1307(e). In United States v. Cushing (In re Cushing), 401 B.R. 528 (B.A.P. 1st Cir.) the court found that tax returns had to be filed the day before the 341(a) meeting notwithstanding the filing of an extension to file tax returns with the IRS. See also in re Chassie 2011 WL 133007 (...when debtors failed to file 2008 tax return by day before the first date set for meeting of creditors, court had no discretion except to either dismiss or convert the case...), In re Broussard 2009 WL 1531817 (Because the Debtor did not file any tax returns before the date on which the meeting of creditors was first scheduled and because she did not seek an extension of time within which to file such returns . . . the [Department of Revenue] satisfied its burden under 11 U.S.C. §§ 1307(e) and 1308. . . .), In re Kuhar, 391 B.R. 733 ("The failure to timely file the tax returns constitutes grounds for dismissal under § 1307(e)[.] . . . [T]he use of the word 'shall' evidences the mandatory nature of this provision. Having found that Debtor has not complied with § 1308, the Court must dismiss or convert this case to one under Chapter 7[.] . . ").

Debtors have the burden to overcome the consensus of the published and unpublished decisions on the requirement that the Court must dismiss or convert a case where debtor has not complied with §1308.

6. <u>Evidence of Post Petition Payments:</u>

Local Rule 3015-1(e)(3)(A) requires filing and service, at least 14 days prior to the dates scheduled for each 341(a) meeting and each confirmation hearing, of court-mandated form <u>F3015-1.4.DEC.PRECONF.PYMTS.</u> The form must reflect cumulative payments made to secured creditors since the date of the petition. Debtor(s) has failed to meet this requirement.

If Trustee objections are not addressed, Trustee requests that plan confirmation be denied and the case be dismissed, including dismissal under §109(g), or converted to chapter 7, whichever is in the best interest of creditors and the estate under §1307(c)(5).

Dated: 3/12/24        By:<u>/s/Amrane Cohen</u>
                         Amrane Cohen, Chapter 13 Trustee

<u>Verification:</u>

    I, Amrane Cohen, declare that I am the duly appointed Chapter 13 Trustee in this case. I have reviewed the files and records maintained in this case. The facts stated in this objection are based upon those records and are true and correct to the best of my knowledge.

Dated: 3/12/24                        By:<u>/s/Amrane Cohen</u>
                                                 Amrane Cohen, Chapter 13 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **Objection to Plan Confirmation**__
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __March 12, 2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SUNITA N SOOD

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___March 12, 2024_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Mark D. Houle

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 12, 2024 | Reyna Patrick | /S/ Reyna Patrick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-3.1.PROOF.SERVICE**

Philip H Inman
2042 Palmetto Terrace
Fullerton, CA 92831