CHRISTOPHER R. NELSON, State Bar No. 242859
**EPPORT, RICHMAN & ROBBINS, LLP**
1875 Century Park East, Suite 800
Los Angeles, California 90067-2512
Telephone:   (310) 785-0885
Facsimile:   (310) 785-0787
E-Mail:   *cnelson@erlaw.com*

Attorneys for Elizabeth Ann Van Zee, as Trustee
of the James Charles Van Zee and Elizabeth Ann
Van Zee Revocable Living Trust of July 2009

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PHILIP H. INMAN,<br><br>         Debtor. | CASE NO. 8:24-bk-10285-MH<br><br>Chapter 13<br><br>Judge: Hon. Mark D. Houle<br><br>**OBJECTION OF ELIZABETH ANN VAN ZEE, AS TRUSTEE OF THE JAMES CHARLES VAN ZEE AND ELIZABETH VAN ZEE REVOCABLE LIVING TRUST OF JULY 2009, TO CONFIRMATION OF CHAPTER 13 PLAN OF DEBTOR PHILIP H. INMAN**<br><br>Hearing Information<br>Date:       March 28, 2024<br>Time:       10:30 a.m.<br>Courtroom.: 6C<br>Place:      411 W. Fourth Street,<br>            Santa Ana, CA 92701 |

**TO THE HONORABLE MARK A. HOULE, UNITED STATES BANKRUPTCY JUDGE, DEBTOR PHILIP H. INMAN AND HIS ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE, AND ALL PARTIES IN INTEREST:**

Elizabeth Ann Van Zee, as Trustee of the James Charles Van Zee and Elizabeth Ann Van Zee Revocable Living Trust of July 2009 ("Van Zee"), hereby submits her objection to the confirmation of the Chapter 13 Plan (the "Plan") of Debtor Philip H. Inman (the "Debtor"), on the following grounds.

1. Van Zee is the fifty percent (50%) owner, with a tenant in common interest, of the real property identified in the Debtor's schedules and commonly known as 12066-68 Downey Avenue, Downey, California 90241 (the "Downey Property").

2. Van Zee objects to the Debtor's rejection of the property management contract governing the management of the Downey Property, on the basis that the Debtor's estate is solvent or near-solvent, and her financial and property interests will be harmed if the Debtor is permitted to unilaterally reject the contract. Van Zee and the Debtor jointly retained HOAG Property Management, Inc. ("HOAG") as the property manager of the Downey Property, and HOAG has been in place as the property manager for several years. Van Zee is a party to the contract pursuant to which she and the Debtor have hired HOAG as the property manager (hereinafter, the "HOAG Management Contract"). While a debtor-in possession may state an intention to reject an executory contract, a contract can only be rejected through a court order. 11 U.S.C. § 365(a). "[B]efore rejection actually can occur, the Court must determine whether it should be allowed. The Court must look at the harm to this creditor, weigh it against the benefit or harm to other creditors, and look at the potential harm to the debtor." *In re Aslan*, 65 B.R. 826, 831 (Bankr.C.D.Cal. 1986). In the case of a solvent or nearly solvent debtor, a bankruptcy court has greater discretion than to simply apply the business judgment rule to the debtor's request to reject an executory contract. *In re Health Plan of the Redwoods*, 286 B.R. 779, 780 (Bankr.N.D.Cal. 2002). "[I]f in the judgment of the bankruptcy court, an estate is solvent in the sense that a 100 percent payout will occur in the event of liquidation…it is within the discretion of the court to decline to authorize rejection of a contract on the grounds that no benefit would accrue to the

creditors from the rejection." *Robertson v. Pierce* (*In re Chi-Feng Huang*), 23 B.R. 798, 803 (9th Cir. B.A.P. 1982.) In the context of a solvent or near-solvent debtor, a bankruptcy court may deny rejection of an executory contract where there is lack of "cause" to justify rejection. *In re Carrere*, 64 B.R. 156, 160 (Bankr.C.D.Cal. 1986).

3. In this case, there is sufficient cause to justify rejection. The Plan contemplates repayment of 100% of the Debtor's arrearages, and the Debtor's schedules demonstrate that a 100% payout of all claims would occur in the event of liquidation of the Debtor's estate. If the Debtor is permitted to reject the HOAG Management Contract, he will be leaving Van Zee as the sole obligor of this contract, and will be creating a new claim against the debtor's already-solvent estate for any losses she incurs pursuant to the HOAG Management Contract. Further, the Debtor will transfer *de facto* management of the Downey Property to himself, frustrating the expectations of Van Zee to have competent, experienced property management over her interest in the Downey Property pursuant to the HOAG Management Contract. The Debtor claims in his schedules that he will hire another management company to replace HOAG, but Van Zee has seen no evidence of the Debtor's efforts to retain a new management company, and Van Zee believes that the Debtor is using the rejection of the HOAG Management Contract to assume sole control over the Downey Property as its manager, against her wishes as the Debtor's co-tenant in common. The Debtor has no experience operating a multi-family residential rental property, and Van Zee does not believe that the Debtor is capable of competently managing the Downey Property. The Debtor further failed to provide Van Zee notice of this bankruptcy or the Plan, further undermining her trust in his prospective management of the Downey Property. Therefore, the Court should deny the rejection of the HOAG Management Contract.

4. Van Zee further requests that, if the Court does not permit the Debtor to amend the Plan, that the case be dismissed rather than converted to Chapter 7.

| | |
|---|---|
| DATED: March 21, 2024 | EPPORT, RICHMAN & ROBBINS, LLP<br>By: /s/ Christopher R. Nelson<br>CHRISTOPHER R. NELSON<br>Attorneys for Elizabeth Ann Van Zee, as Trustee of the James Charles Van Zee and Elizabeth Ann Van Zee Revocable Living Trust of July 2009 |

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1875 Century Park East, Suite 800, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION OF ELIZABETH ANN VAN ZEE, AS TRUSTEE OF THE JAMES CHARLES VAN ZEE AND ELIZABETH VAN ZEE REVOCABLE LIVING TRUST OF JULY 2009, TO CONFIRMATION OF CHAPTER 13 PLAN OF DEBTOR PHILIP H. INMAN
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 21, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Kelli M Brown | kbrown@ghidottiberger.com, bknotifications@ghidottiberger.com |
| Amrane (SA) Cohen (TR) | efile@ch13ac.com |
| Jon Alan Enochs | jenochs@enochslaw.com, enochs_paralegal@enochslaw.com |
| Scott A Schiff | sas@soukup-schiff.com |
| Sunita N Sood | sunitansood@hotmail.com, seemasood@gmail.com |
| United States Trustee (SA) | usptregion16.sa.ecf@usdoj.gov |

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) March 21, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

American Express National Bank, c/o Becket and Lee LLP, P.O. Box 3001, Malvern, PA 19355-0701

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 21, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Mark D. Houle, United States Bankruptcy Court, 3420 Twelfth Street, Suite 325, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 21, 2024 | Lisa M. Kober | /s/ Lisa M. Kober |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**2. SERVED BY UNITED STATES MAIL**:

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

HOAG Property Management Inc
10551 Paramount Blvd
Downey, CA 90241-2499

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

IRS
Department of Treasury
PO Box 16226
Philadelphia, PA 19114-0226

Planet Home Lending
321 Research Pkwy #303
Elizabethtown, PA 17022

Philip H Inman
2042 Palmetto Terrace
Fullerton, CA 92831-1251

Pinehurst at Coyote Hills
c/o Revolve Property Management
2013 East Orangethorpe Ste A
Placentia, CA 92870-6765

SJO Investments, LLC
c/o The Enochs Law Group, APC
7777 Alvarado Road Ste 624
La Mesa, CA 91942-8286

Sunita N Sood
2107 N Broadway Ste 306
Santa Ana, CA 92706-2634