CHRISTOPHER R. NELSON, State Bar No. 242859
**EPPORT, RICHMAN & ROBBINS, LLP**
1875 Century Park East, Suite 800
Los Angeles, California 90067-2512
Telephone:    (310) 785-0885
Facsimile:    (310) 785-0787
E-Mail:    *cnelson@erlaw.com*

Attorneys for Elizabeth Ann Van Zee, as Trustee
of the James Charles Van Zee and Elizabeth Ann
Van Zee Revocable Living Trust of July 2009

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PHILIP H. INMAN,<br><br>　　　　Debtor. | CASE NO. 8:24-bk-10285-MH<br><br>Chapter 13<br><br>Judge: Hon. Mark D. Houle<br><br>**OBJECTION OF ELIZABETH ANN VAN ZEE, AS TRUSTEE OF THE JAMES CHARLES VAN ZEE AND ELIZABETH VAN ZEE REVOCABLE LIVING TRUST OF JULY 2009, TO CONFIRMATION OF THE FIRST AMENDED CHAPTER 13 PLAN OF DEBTOR PHILIP H. INMAN**<br><br><u>Hearing Information</u><br>Date:　　April 25, 2024<br>Time:　　10:30 a.m.<br>Courtroom.: 6C<br>Place:　　411 W. Fourth Street,<br>　　　　　Santa Ana, CA 92701 |

11842- Obj to Plan.docx

**TO THE HONORABLE MARK A. HOULE, UNITED STATES BANKRUPTCY JUDGE, DEBTOR PHILIP H. INMAN AND HIS ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE, AND ALL PARTIES IN INTEREST:**

Elizabeth Ann Van Zee, as Trustee of the James Charles Van Zee and Elizabeth Ann Van Zee Revocable Living Trust of July 2009 ("Van Zee"), hereby submits her objection to the confirmation of the First Amended Chapter 13 Plan (the "Amended Plan") of Debtor Philip H. Inman (the "Debtor"), on the following grounds.

1. Van Zee is the fifty percent (50%) owner, with a tenant in common interest, of the real property identified in the Debtor's schedules and commonly known as 12066-68 Downey Avenue, Downey, California 90241 (the "Downey Property").

2. Van Zee objects to the Debtor's rejection of the property management contract governing the management of the Downey Property under Class 7 of the Amended Plan, on the basis that the Debtor's estate is solvent or near-solvent, and her financial and property interests will be harmed if the Debtor is permitted to unilaterally reject the contract. Van Zee and the Debtor jointly retained HOAG Property Management, Inc. ("HOAG") as the property manager of the Downey Property, and HOAG has been in place as the property manager for several years. Van Zee is a party to the contract pursuant to which she and the Debtor have hired HOAG as the property manager (hereinafter, the "HOAG Management Contract"). While a debtor-in possession may state an intention to reject an executory contract, a contract can only be rejected through a court order. 11 U.S.C. § 365(a). "[B]efore rejection actually can occur, the Court must determine whether it should be allowed. The Court must look at the harm to this creditor, weigh it against the benefit or harm to other creditors, and look at the potential harm to the debtor." *In re Aslan*, 65 B.R. 826, 831 (Bankr.C.D.Cal. 1986). In the case of a solvent or nearly solvent debtor, a bankruptcy court has greater discretion than to simply apply the business judgment rule to the debtor's request to reject an executory contract. *In re Health Plan of the Redwoods*, 286 B.R. 779, 780 (Bankr.N.D.Cal. 2002). "[I]f in the judgment of the bankruptcy court, an estate is solvent in the sense that a 100 percent payout will occur in the event of liquidation…it is within the discretion of the court to decline to authorize rejection of a contract on the grounds that no benefit

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

would accrue to the creditors from the rejection." *Robertson v. Pierce* (*In re Chi-Feng Huang*), 23 B.R. 798, 803 (9th Cir. B.A.P. 1982.) In the context of a solvent or near-solvent debtor, a bankruptcy court may deny rejection of an executory contract where there is lack of "cause" to justify rejection. *In re Carrere*, 64 B.R. 156, 160 (Bankr.C.D.Cal. 1986).

3. In this case, there is sufficient cause to justify rejection. The Amended Plan contemplates repayment of 100% of the Debtor's arrearages, and the Debtor's schedules demonstrate that a 100% payout of all claims would occur in the event of liquidation of the Debtor's estate. If the Debtor is permitted to reject the HOAG Management Contract, he will be leaving Van Zee as the sole obligor of this contract, and will be creating a new claim against the debtor's already-solvent estate for any losses she incurs pursuant to the HOAG Management Contract. Further, the Debtor will transfer *de facto* management of the Downey Property to himself, frustrating the expectations of Van Zee to have competent, experienced property management over her interest in the Downey Property pursuant to the HOAG Management Contract. The Debtor claims in his Amended Plan that he will hire another management company to replace HOAG, but Van Zee has seen no evidence of the Debtor's efforts to retain a new management company, and Van Zee believes that the Debtor is using the rejection of the HOAG Management Contract to assume sole control over the Downey Property as its manager, against her wishes as the Debtor's co-tenant in common. The Debtor has no experience operating a multi-family residential rental property, and Van Zee does not believe that the Debtor is capable of competently managing the Downey Property. Therefore, the Court should deny the rejection of the HOAG Management Contract.

4. Van Zee further requests that, if the Court does not permit the Debtor to amend the Amended Plan, that the case be dismissed rather than converted to Chapter 7.

DATED: April 18, 2024

EPPORT, RICHMAN & ROBBINS, LLP

By: /s/ Christopher R. Nelson
CHRISTOPHER R. NELSON
Attorneys for Elizabeth Ann Van Zee, as Trustee of the James Charles Van Zee and Elizabeth Ann Van Zee Revocable Living Trust of July 2009