**SCOTT A. SCHIFF (SBN 137245)**
**SOUKUP & SCHIFF, LLP**
**16255 Ventura Blvd., Suite 708**
**Encino, California 91436**
Tel.: (310) 276-2026
Fax: (310) 286-0522
Email: sas@soukup-schiff.com

*Attorneys for* National Loan Acquisitions Company

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| PHILIP H. INMAN, | Case No. 8:24-bk-10285-MH |
| Debtor. | Judge: Hon. Mark D. Houle |
| | **NATIONAL LOAN ACQUISITIONS COMPANY'S OBJECTIONS TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN; DECLARATION OF COLIN THOMPSON; DECLARATION OF SCOTT A. SCHIFF** |
| | <u>Confirmation Hearing</u><br>Date:   April 25, 2024<br>Time:  10:30 a.m.<br>Place:  Courtroom 6C<br>           411 W. Fourth Street<br>           Santa Ana, CA 92701 |

TO THE HONORABLE MARK A. HOULE, UNITED STATES BANKRUPTCY JUDGE,

DEBTOR PHILIP H. INMAN, THE CHAPTER 13 TRUSTEE, AND ALL PARTIES IN

INTEREST:

1

National Loan Acquisitions Company ("NLAC") objects to and opposes confirmation of the First Amended Chapter 13 Plan ("Plan") filed by the Debtor Philip H. Inman (the "Debtor"), and urges this Court to deny confirmation of the Plan and dismiss Debtor's bankruptcy case.

# I.
# FACTS

1. NLAC is the holder of a certain Equity Line of Credit Agreement dated December 22, 2005, in the original principal amount of $290,000.00 on which Debtor is the obligor (the "Loan"). (Declaration of Colin Thompson ("Thompson Dec."), par. 4.)

2. The monthly payment on the Loan is $2,432.77. (Thompson Dec., par. 5.)

3. The Loan is secured by a Deed of Trust recorded against Debtor's residence at 2042 Palemetto Terrace, Fullerton, California 92831 (the "NLAC Deed of Trust"). The Deed of Trust was recorded on December 27, 2005. (Thompson Dec., par. 6.)

4. Debtor's principal residence is the real property at 2042 Palemetto Terrace, Fullerton, California 92831 ("Debtor's Residence"). (Docket Nos. 1 and 25.)

5. NLAC filed Objections to Debtor's Original Plan on March 14, 2024.

6. On March 25, 2024, two days prior to the initial Confirmation Hearing, Debtor filed Amended Schedules.

7. The initial Confirmation Hearing took place on March 28, 2024.

8. Debtor's Amended Schedule D incorrectly states that NLAC holds a **first** Deed of Trust on the Downey Residence. (Docket No. 25.)

9. Debtor's Amended Schedule D states that Planet Home Lending holds a **first** Deed of Trust on Debtor's Residence (the "Planet Deed of Trust"). (Docket No. 25.)

10. Debtor's Amended Schedule J, Part 2, No. 4 states that Debtor's home ownership expense for his residence is $1,539.54 plus an additional mortgage payment of $2,432.77. (Docket No. 25.)

11. Debtor testified at his Meeting of Creditors that the monthly payment to Planet Home Lending (holder of first Deed of Trust on Debtor's Residence) is $1,480.00. (Declaration of Scott A. Schiff ("Schiff Dec."), par. 2.)

12. There are three Deeds of Trust recorded against Debtor's Residence. The first Deed of Trust is in favor of MTGLQ Investors, L.P., the second Deed of Trust is the NLAC Deed of Trust, and the third Deed of Trust is in favor of American Surety Company. (Thompson Dec., par. 8.) The Amended Schedules refer only to two Deeds of Trust recorded Against Debtor's Residence.

13. There are *likely* two Deeds of Trust recorded against Debtor's 50% interest in the Downey Property. First, Debtor's Schedule J, Part 2, No. 17c states that there is a Deed of Trust on the Downey Property, and Debtor characterizes said Deed of Trust as "1st" trust deed. Additionally, at his Meeting of Creditors, Debtor stated that he has loan from PKN Investments ("PKN") that is secured by his 50% interest in the Downey Property. (Schiff Dec., par. 3.) Second, NLAC's counsel is informed and believes that there is another Deed of Trust in favor of PKN that is secured by Debtor's 50% interest in the Downey Property. (Schiff Dec., par. 4.) NLAC's counsel is informed and believes that PKN holds a first position Deed of Trust securing a loan in the original amount of $90,000.00 and second position Deed of Trust securing a loan in the original amount of $210,000.00. (Schiff Dec., par. 4.)

14. Debtor testified at his Meeting of Creditors that PKN is owed approximately $220,000.00, that the payment on that loan is $1,837.50 a month, and that loan is secured by his 50% interest in the Downey Property. (Schiff Dec., par. 3.) Debtor's Amended Schedule J, Part 2, No.17c states the payment on the first Deed of Trust on the Downey Property as $1,837.50. Other than the

foregoing expense, there are no other loan payments with respect to the Downey Property showing on Amended Schedule J.

15. Debtor's Amended Schedule I lists <u>four</u> sources of income: Social Security of $2,197.90; rental income from the Downey Property of $5,667.77; rental from two rooms at Debtor's Residence of $2,500; and part-time welding job of $850.00.  Debtor's original Schedule I stated Social Security and rental income from the Downey Property of $5,667.77 as his <u>only</u> sources of income.  Debtor provides nothing to substantiate any sources of income other than Social Security.

16. Debtor has not filed tax returns for 2018, 2020, 2021, 2022 and 2023.  (Proof of Claim 1, as amended, filed by Internal Revenue Service.)

17. Debtor is not current on his post-petition mortgage payments to NLAC.  (Thompson Dec., par. 7.)

### III.
### NOTHING HAS CHANGE IN THE CASE SINCE THE FIRST CONFIRMATION HEARING OTHER THAN DEBTOR NOT BEING CURRENT ON POST PETITION MORTGAGE PAYMENTS

A Confirmation Hearing was held on March 28, 2024 (the "First Confirmation Hearing").  At the First Confirmation Hearing, Debtor's counsel requested a continuance to allow time for Debtor to file Objections to Claims and Responses to the Objections to Confirmation filed in the case. At the First Confirmation Hearing the Court set a deadline of April 11, 2024, for the Debtor to file a Second Amended Plan, Amended Schedules, and Claim Objections.  The Court also stated that mortgage payments must be current along with plan payments. Debtor has not filed anything in his case since the First Confirmation Hearing.  Two monthly payments have come due on Debtor's loan from NLAC secured by Debtor's residence since the filing of the case, yet only one post-petition payment has been made by Debtor.

4

## III.
## **THE PLAN DOES NOT SATISFY 11 U.S.C SEC. 1325**

A.    The Plan Does Not Satisfy 11 U.S.C. Section 1325(a)(6)

Pursuant to Section 1325(a)(6) the Plan can only be confirmed if "the debtor will be able to make all payments under the plan and to comply with the plan."  Debtor cannot satisfy Section 1325(a)(6) because:

1. There is absolutely no evidence that Debtor receives any income in excess of monthly Social Security payments of $2,197.90 (at the Meeting of Creditors, the Trustee indicated that Debtor provided proof of Social Security income). Debtor's alleged monthly income mysteriously increased by $3,350 after NLAC objected to the original Plan.

2. Amended Schedule J only includes one payment to PKN (see line 17.c) and indicates that the payment is for the first PKN Deed of Trust; and there is no payment on the second PKN Deed of Trust.

3. The Plan does not account for payment of the IRS debt.

As Debtor's stated income is not credible and there is no payment to the IRS, the Amended Plan is not feasible.

B.    The Plan Does Not Satisfy 11 U.S.C. Section 1325(a)(7)

Section 1325(a) requires that the Petition be filed in good faith.  The Petition was not filed in good faith because:

1. Amended Schedule J does not accurately reflect Debtor's expenses, as it fails to includes a monthly payment for the loan secured by a second Deed of Trust on the Doheny Property in favor of PKN.

  2. Schedule D does not list the third Deed of Trust in favor of American Surety Company.

  3. The Amended Plan does not account for IRS debt.

  4. The Petition and the Amended Plan, taken at face value, create the impression that the Plan can be funded, when in fact, the Plan is an impossibility. Not only is there no evidence of any income beyond Social Security, Debtor's monthly income mysteriously increased by $3,350 after NLAC objected the original Plan. If that additional income actually existed, then why did it not appear on the initially filed Schedules and Plan?

C. <u>The Plan Does Not Satisfy 11 U.S.C. Section 1325(a)(9)</u>

11 U.S.C. Section 1325(a)(9) requires that Debtor file all tax returns as required by Section 1308. As indicated by the IRS Proof of Claim, Debtor has not filed tax returns for 2020 through 2023. Debtor has also not filed a tax return for 2018.

### IV.
### CONCLUSION

Based upon the foregoing, the Court's records, and argument to be presented at the Confirmation Hearing, NLAC respectfully requests that the Court deny confirmation of Debtor's Amended Plan, dismiss Debtor's bankruptcy case, and impose a 180-day bar on Debtor's filing another bankruptcy case.

Dated: April 19, 2024         SOUKUP & SCHIFF, LLP

                   By: _____
                   SCOTT A. SCHIFF, Attorneys for
                   National Loan Acquisitions Company

# DECLARATION OF COLIN THOMPSON

I, Colin Thompson, declare:

1. I am an Asset Manager of National Loan Acquisitions Company ("NLAC"). I make this declaration in support of NLAC's Objections to Debtor Philip H. Inman's Original Chapter 13 Plan.

2. As an Asset Manager of NLAC, I am familiar with the procedures used by NLAC to account for the amounts owing on and the payments received and not made with respect to Loans held by NLAC, as well as NLAC's procedures for the retention, storage, and retrieval of all information related to the above. I have personal knowledge of the facts set forth below or have gained such knowledge of them from my personal examination of the business records of NLAC maintained in the ordinary course of business. If called upon as a witness, I could and would competently testify thereto.

3. NLAC is a corporation, located in and organized under the laws of the State of South Dakota.

4. NLAC is the holder of a certain Equity Line of Credit Agreement dated December 22, 2005, in the original principal amount of $290,000.00 on which Philip H. Inman ("Debtor") is the obligor (the "Loan"). A true and correct copy of the Loan is attached as Exhibit 1 to my Declaration filed in Support of NLAC's Objection to Debtor's Original Plan. (See Docket No. 20.)

5. The monthly payment on the Loan is $2,432.77.

6. The Loan is secured by a Deed of Trust recorded against Debtor's residence at 2042 Palemetto Terrace, Fullerton, California 92831 (the "NLAC Deed of Trust"). The NLAC Deed of Trust was recorded on December 27, 2005. A true and correct copy of the recorded NLAC Deed of Trust is attached as Exhibit 2 to my Declaration filed in Support of NLAC's Objection to Debtor's Original Plan. (See Docket No. 20.)

7. Since February 5, 2024 (Debtor's Petition Date), NLAC has received only one monthly payment on the Loan.

8. There are three Deeds of Trust recorded against Debtor's Residence. The first Deed of Trust is in favor of MTGLQ Investors, L.P. The second Deed of Trust is the NLAC Deed of Trust. The third Deed of Trust is in favor of American Surety Company. These Deeds of Trust are reflected on the Trustee's Sale Guarantee issued to NLAC dated September 29, 2023 (the "Guarantee"). A true and correct copy of the Guarantee is attached as Exhibit 3 to my Declaration filed in support of NLAC's Objection to Debtor's original Plan. (See Docket No. 20.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of April, 2024, at Rapid City, South Dakota.

Colin Thompson

**DECLARATION OF SCOTT A. SCHIFF**

I, Scott A. Schiff, declare and say as follows:

1. I am an attorney at law licensed to practice before the courts of the State of California and before this Court. I am a partner of Soukup & Schiff, LLP, counsel to National Loan Acquisitions Company ("NLAC"). I make the following declaration on the basis of my own firsthand knowledge, except for those matters which are stated upon information and belief which I believe to be true, and if called upon to do so, could and would competently testify thereto. I make this declaration in support of NLAC's Objections to Debtor Philip H. Inman's Original Chapter 13 Plan (the "Objections").

2. On March 5, 2024, I attended Debtor Philip H. Inman's Meeting of Creditors via Zoom. Debtor stated during his Meeting of Creditors that the monthly payment to Planet Home Lending is $1,480.00.

3. Debtor stated during his Meeting of Creditors that PKN Investments, LLC ("PKN") is owed approximately $220,000.00, that the payment on that loan is $1,837.50 a month, and that loan is secured by his 50% interest in the property located at 12066-68 Downey Avenue, Downey, California 90241 (the "Downey Property").

4. I am informed and believe that there are two Deeds of Trust recorded against Debtor's 50% interest in the Downey Property, and that both of those Deeds of Trust are in favor of PKN. Attached as Exhibit 1 to my Declaration filed in Support of NLAC's Objection to Debtor's Original Plan (see Docket No. 20.) is a true and correct copy of the Data Tree report regarding the Downey Property that I obtained on March 13, 2024 reflecting Los Angeles County Data as of March 8, 2024 (the "Data Tree Report"). The Data Tree Report shows, on page 3, that there are two active Deeds of Trust in favor of PKN. The first position Deed of Trust, recorded on January 10, 2018, secures a loan in the original amount of $90,000.00, and the second position Deed of Trust, recorded on September

26, 2019, secures a loan in the original amount of $210,000.00. A copy of the Deed of Trust recorded on September 26, 2019 is included within the Data Tree Report. A true and copy of the Deed of Trust recorded on January 10, 2018, is attached as Exhibit 2 to my Declaration filed in Support of NLAC's Objection to Debtor's Original Plan. (See Docket No. 20.)

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 19th day of April, 2024 at Encino, California.

_____
Scott A. Schiff

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16255 Ventura Blvd., Suite 708, Encino, CA 91436.

A true and correct copy of the foregoing document entitled (*specify*): **NATIONAL LOAN ACQUISITIONS COMPANY'S OBJECTIONS TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN; DECLARATION OF COLIN THOMPSON; DECLARATION OF SCOTT A. SCHIFF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **4/19/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Kelli M Brown | kbrown@ghidottiberger.com, bknotifications@ghidottiberger.com |
| Amrane (SA) Cohen (TR) | efile@ch13ac.com |
| Jon Alan Enochs | jenochs@enochslaw.com, enochs_paralegal@enochslaw.com |
| Christopher R Nelson | cnelson@erlaw.com |
| Scott A Schiff | sas@soukup-schiff.com |
| Sunita N Sood | sunitansood@hotmail.com, seemasood@gmail.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **4/19/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **4/19/2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/19/2024 | Angie Martinez | /s/Angie Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

**2. SERVED BY UNITED STATES MAIL**:

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

HOAG Property Management Inc
10551 Paramount Blvd
Downey, CA 90241-2499

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

IRS
Department of Treasury
PO Box 16226
Philadelphia, PA 19114-0226

Planet Home Lending
321 Research Pkwy #303
Elizabethtown, PA 17022

Philip H Inman
2042 Palmetto Terrace
Fullerton, CA 92831-1251

Pinehurst at Coyote Hills
c/o Revolve Property Management
2013 East Orangethorpe Ste A
Placentia, CA 92870-6765

SJO Investments, LLC
c/o The Enochs Law Group, APC
7777 Alvarado Road Ste 624
La Mesa, CA 91942-8286

Sunita N Sood
2107 N Broadway Ste 306
Santa Ana, CA 92706-2634

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**